UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LAYLA SOLIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-405-TAV-JEM |
| | ) | |
| KNOX COUNTY, TENNESSEE, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order referring the matter by United States District Judge Thomas A. Varlan [Doc. 71].

Before the Court is Defendants' Second Motion to Stay Discovery Pending Disposition of Their Motion to Dismiss and First Motion for Protective Order [Doc. 70]. Defendants request that the Court stay all discovery, including the exchange of initial disclosures, pending the Court's disposition of Defendant Knox County's anticipated motion to dismiss the Second Amended Complaint [*Id*. at 1].[1] In addition, Defendant Knox County moves for entry of a protective order finding that it need not serve responses to Plaintiff's pending interrogatories until disposition of Knox County's anticipated motion to dismiss the Second Amended Complaint [*Id.*]. Plaintiff filed a response in opposition to the motion [Doc. 72], and Defendants replied [Doc. 78]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **DENIES** the motion [**Doc. 70**].

---

[1] Following the filing of the motion to stay, Defendants filed motions to dismiss [Docs. 73, 74 & 76].

Under Rule 26 of the Federal Rules of Civil Procedure, "[a] party . . . from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). If a party shows "good cause," then a court may "issue an order . . . forbidding . . . discovery." Fed. R. Civ. P. 26(c)(1)(A). A stay of discovery is within the discretion of the court. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1991); *Chrysler Corp. v. Feders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). In determining whether to grant a stay, "the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by the denial of discovery." *Acad. Of Allergy & Asthma in Primary Care v. Amerigroup Tenn., Inc.*, No. 3:19-cv-180, 2020 WL 8254263, at *2 (E.D. Tenn. Aug. 12, 2020) (quoting *Williamson v. Recovery Ltd., P'ship*, No. 2:06-cv-292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010)); *see also Nicols v. State Farm Mutual Automobile Ins. Co.*, No. 2:22-cv-16, 2022 WL 1166232, at *1 (S.D. Ohio Apr. 20, 2022) (identifying four factors to consider in deciding whether to grant a stay of discovery: "(1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced" (citation omitted)). Here, Defendants "bear[] the burden of showing both a need for delay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Nichols*, 2022 WL 1166232, at *1 (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)).

As a general matter, "the mere filing of a dispositive motion, such as a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery." *Baker v. Swift Pork Co.*, No. 3:15-CV-663, 2015 WL 6964702, at *1 (W.D. Ky. Nov. 10, 2015) (citations omitted); *see also Boddie v. PNC Bank, NA*, No. 2:12-cv-158, 2012 WL 4088683, at *2 (S.D. Ohio

Sept. 17, 2017) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or other dispositive motion."). "Thus, unless a motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williamson v. Recovery Ltd. Partnership*, No. 2:06-cv-292, 2010 WL 546349, at *2 (S.D. Ohio Feb. 10, 2010).

Defendants argue that Plaintiff's Second Amended Complaint is frivolous and that allowing Plaintiff to proceed with discovery before the Court addresses Defendant Knox County's motion to dismiss would allow Plaintiff an opportunity to "bridg[e] the gap between a deficient pleading and the possibility that a claim might survive upon further investigation" [Doc. 70 p. 4; *see also* Doc. 78 p. 1]. Defendants also assert that Plaintiff will not suffer prejudice if discovery is stayed [Doc. 78 p. 1]. Yet, Defendants do not explain how they will be prejudiced by participating in discovery at this junction. And Plaintiff is not asserting that she needs discovery to respond to the motion to dismiss [Doc. 72 p. 9 (explaining that Plaintiff responded to Defendants' earlier motions to dismiss)]. Considering the procedural history of this case, precluding discovery at this point would go against the directive to "construe[], [and] administer[]" the Federal Rules of Civil Procedure in a manner "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In addition, Defendants do not explain the basis upon which they seek dismissal, and it appears that Defendants' motions to dismiss are the "garden-variety" kind.[2] *See Nichols*, 2022 WL 1166232, at *2 (finding a stay not warranted where the defendant

---

[2] Defendants assert dismissal is warranted because Plaintiff lacks standing and because Plaintiff fails to state a claim [*See generally* Docs. 73, 74 & 76].

filed a jurisdictional challenge directed to the issue of standing); *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *2 (E.D. Tenn. Aug. 9, 2012) (finding a stay not warranted where the defendant filed a motion to dismiss for lack of personal jurisdiction).

Defendants have failed to show good cause to stay discovery. The burden of proceeding with discovery upon Defendants is not outweighed by the hardship that Plaintiff would face by denying discovery. The Court therefore **DENIES** Defendants' Second Motion to Stay Discovery Pending Disposition of Their Motion to Dismiss and First Motion for Protective Order [**Doc. 70**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

4

Case 3:24-cv-00405-TAV-JEM     Document 82     Filed 05/21/25     Page 4 of 4     PageID #: 3987